UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY YORK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-087 JD |
| | ) |
| SAINT JOSEPH'S COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This is an employment discrimination action in which the plaintiff, Mary York, asserts claims for age, race, and disability discrimination and retaliation. The defendant, Saint Joseph's College, answered the complaint except as to the claim for age discrimination, which it has moved to dismiss. That motion has been fully briefed. For the reasons that follow, the Court grants the motion to dismiss Ms. York's age discrimination claim.

### I. FACTUAL BACKGROUND

Plaintiff Mary York was hired as an Educational Support Specialist by Defendant Saint Joseph's College on April 8, 2013. Ms. York alleges that during her employment she was subjected to a racially hostile environment in that she faced unfounded and untrue criticism and was otherwise harassed, intimidated, and treated less favorably than other employees. [DE 9 ¶ 7]. Ms. York additionally alleges that after she complained of this harassment, she was retaliated against. [DE 9 ¶ 7]. As to her disability discrimination claim, Ms. York alleges that she "was discriminated against and denied benefits and associations available to other employees on account of her status as a person with disability [*sic*] in violation of the Americans with Disability [*sic*] Act and denied necessary and reasonable accommodation in the context of the administrative proceedings by the employer." [DE 9 ¶ 8(b)]. Further, as to her age discrimination

claim, Ms. York alleges that she "was denied equal pay for equal work and discriminated against and denied the opportunity to utilize compensatory time when other and younger employees were allowed compensatory time, and was denied permission to work from home when ill under circumstances in which other employees were allowed in violation of Title VII." [DE 9 ¶ 8(a)]. Ms. York's employment was ultimately terminated.

On or about April 18, 2014 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. [DE 9 ¶ 5, 9]. The narrative in the charge states, in full:

> I am a qualified individual with a disability, as defined by the Americans with Disabilities Act, as amended. My race is African American. I was employed with Saint Joseph's College beginning April 8, 2013. My position was Educational Support Specialist. My supervisor was Juan Casas, Director of Student Success. Nancy Studer, is the Human Resources Director. During my employment, I was subjected to harassment, intimidation, treated less favorably than other employees, denied accommodations, and when I brought my concerns to management, I was retaliated against, disciplined, and accused of using threatening language or behavior to intimidate employees of the college. On April 4, 2014, my employment was terminated because I was accused of being insubordinate when I requested to have a third party at a meeting with Mr. Casas and Ms. Studer. Although I offered alternatives to meeting solely with Mr. Casas and Ms. Studer, my suggestions were ignored and my employment was terminated. I believe I was harassed, intimidated, treated less favorably than other employees, denied accommodations, retaliated against, and my employment was terminated because I reported my concerns to management, and because of my race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended; and/or, my disability, record of disability, and/or perceived disability, in violation of the Americans with Disabilities Act, as amended.

[DE 18-2].[1] Ms. York also checked boxes on the form to indicate that the discrimination was based on "race," "retaliation," and "disability." [*Id.*]

---

[1] The EEOC charge is not included in or attached to the Amended Complaint. However, it is critical to the complaint and is referred to in it, so the Court may consider it for the purposes of a Rule 12 motion. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *Massenberg v. A & R Sec. Servs., Inc.*, No. 10 C 7187, 2011 WL 1792735, at *1 n.1 (N.D. Ill. May 11, 2011) (considering an EEOC charge that was not attached to the complaint in deciding under a Rule 12 motion whether the complaint was within the scope of the EEOC charge). Whether the Court can consider the contents of the Dismissal and Notice of Rights letter is less clear, as a plaintiff need not receive a

On September 17, 2014, the EEOC issued a Dismissal and Notice of Rights, informing Ms. York that it was closing its file on her charge. The form also contained the following language under the heading of "Notice of Suit Rights":

> **Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)
>
> **Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible**.

[DE 18-1].

On December 16, 2014, Ms. York filed her complaint in this Court, alleging discrimination on the basis of age, race, and disability, as well as retaliation. [DE 1]. In response to a motion to dismiss, Ms. York filed an amended complaint on January 26, 2015. [DE 9]. Saint Joseph's again moved to dismiss Ms. York's age discrimination claim, arguing that she failed to exhaust her administrative remedies by including the age-related allegations in her EEOC charge, and that her complaint failed to adequately plead the claim.

## II. STANDARD OF REVIEW

Rule 12(b)(1) authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look

---

right-to-sue letter before filing suit for age discrimination, but the contents of the Notice do not affect the outcome of the motion, so the Court does not decide that question.

3

beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it, which in this case is Ms. York. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky*, 675 F.3d at 745 n.1.

### III. DISCUSSION

Saint Joseph's moves to dismiss Ms. York's claim under the Age Discrimination in Employment Act on two grounds. First, it argues that Ms. York failed to file an EEOC charge alleging age discrimination, so she has failed to satisfy the exhaustion requirement before

4

bringing suit. Saint Joseph's argues that this is a jurisdictional defect, so it brings this aspect of its motion under Rule 12(b)(1). Second, Saint Joseph's moves to dismiss under Rule 12(b)(6) for failure to adequately plead the claim of age discrimination. Because the first ground is dispositive, the Court need not reach the second.

"In order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge." *Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 527 (7th Cir. 2003); 29 U.S.C. §626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EOCC]."). This means not only that the plaintiff must have filed an EEOC charge, but also that the charge must have encompassed age discrimination in particular. *Ajayi*, 336 F.3d at 527; *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008). "A plaintiff, however, may proceed on a claim not explicitly mentioned in [her] EEOC charge 'if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge.'" *Miller*, 525 F.3d at 525 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). "'When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge.'" *Ajayi*, 336 F.3d at 527 (quoting *Cheek*, 31 F.3d at 503). The purpose of this requirement is "to give the employer 'some warning of the [complained-of] conduct' and afford 'the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion.'" *Id.* (quoting *Cheek*, 31 F.3d at 500).

Here, Ms. York did not allege age discrimination in her EEOC charge. She did not check the box to indicate that the discrimination was based on her age, and the narrative contains no

allegation or facts relating to age discrimination; it focuses solely on race and disability discrimination and retaliation. In arguing to the contrary, Ms. York states in her response brief:

> In her Charge, Plaintiff described the effects of the actions of Defendant and provided information to the EEOC challenging the Defendant's hiring process. That involved the hiring of a less qualified younger person for the job of Director of Student Success, instead of her; the awarding of employment contracts to younger staff members, but not to her; and the allowance of compensatory time to younger staff members, but not to her.

[DE 18]. The Court can find no justification for this argument as it appears to egregiously misstate the record and misrepresent Ms. York's actual EEOC charge. Moreover, it seems the kind of misrepresentation that could subject an attorney to sanctions. Nothing in the charge, which is quoted above in full, references Saint Joseph's' hiring process, Ms. York's candidacy for any position, or Saint Joseph's giving benefits to younger employees but not to Ms. York. Accordingly, the Court concludes that an EEOC investigation into age discrimination could not have reasonably been expected to grow from anything in Ms. York's actual charge of discrimination.

Ms. York next argues that the charge was sufficient because the EEOC's Dismissal and Notice of Rights form indicates that the EEOC construed her charge as raising age discrimination. Specifically, Ms. York notes that the Notice advises her of the limitations period for filing suit under the Age Discrimination in Employment Act. As Saint Joseph's correctly observes, though, the Notice is merely a form that advises a charging party of the limitations periods for filing suit under various statutes that the EEOC administers. It does not include any findings or statements as to the scope of the EEOC's investigation, and no more shows that the charge raised age discrimination than it shows the charge raised a claim under the Genetic Information Nondiscrimination Act, which is also referenced in the Notice. Therefore, the Court

6

concludes that Ms. York has failed to properly exhaust her administrative remedies as to her age discrimination claim.

Saint Joseph's argues that exhaustion is a jurisdictional prerequisite, such that the Court must dismiss this claim under Rule 12(b)(1) for lack of subject matter jurisdiction.[2] That is incorrect: "the requirement that a plaintiff exhaust her administrative remedies by the filing of a timely EEOC complaint containing charges whose scope covers the claims in a subsequent district court complaint is merely a condition precedent to suit, not a jurisdictional requirement." *Volovsek v. Wisconsin Dep't of Agr., Trade & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003); *Gibson v. West*, 201 F.3d 990, 993 (2000). Nonetheless, dismissal based on the affirmative defense of failure to exhaust administrative remedies is appropriate under Rule 12(c). *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). This dismissal is without prejudice, *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009), though if Ms. York did not already file a new charge for age discrimination within the 300-day limitations period, it may be too late for her to cure this deficiency. *Griffin v. Evanston/Skokie Cmty. Consol. Sch. Dist. 65*, No. 12 C 9828, 2013 WL 6255225, at *4 (N.D. Ill. Dec. 3, 2013).

### IV. CONCLUSION

Ms. York failed to exhaust her administrative remedies with the EEOC regarding the age discrimination allegations in her complaint. Accordingly, the Saint Joseph's' motion to dismiss [DE 11] is GRANTED, and Plaintiff's claim for age discrimination is DISMISSED WITHOUT PREJUDICE.

---

[2] It nonetheless asks that this claim be dismissed *with prejudice*, which is incompatible with arguing that the Court lacks jurisdiction over the claim.

SO ORDERED.

ENTERED: July 7, 2015

                                                    /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court